IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WOLF MOUNTAIN RESORTS LC,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>ASC UTAH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br><br><br>Case No. 2:08-CV-191 TS |

This matter comes before the Court on Defendants' Motion to Dismiss.[1] For the reasons discussed below, this motion will be denied

I.     Background Facts

Plaintiff Wolf Mountain Resorts L.C. ("Wolf Mountain") is a limited liability corporation. Defendant ASC Utah, Inc. ("ASCU") is a Maine corporation, with all common stock owned by Defendant American Skiing Company ("ASC"). Kenneth Griswold ("Griswold") is the managing member of Wolf Mountain. Defendant ASC is a Delaware corporation that has ceased doing business and is subject to a plan of dissolution and liquidation. For clarity, the Court will refer to ASC and ASCU collectively as Defendants.

---

[1]Docket No. 6.

Wolf Mountain owns or leases most of the land that comprises The Canyons Ski Resort, which it in turn leased to Defendants, pursuant to a series of documents, instruments, and a guaranty agreement (collectively, the "Ground Lease").  The Ground Lease provides for rent payments calculated by various means, including an annual payment equal to 4% of ASCU's gross revenue, including ASCU's lodging revenues.

Wolf Mountain conducted a recent audit and is alleging that ASCU has under-reported its lodging revenues, resulting in a substantial underpayment of rents.  Wolf Mountain claims unpaid rent and interest payments total approximately 2.8 million dollars.  Wolf Mountain also claims in excess of $50,000 in costs associated with the audits.

II.     Procedural History

Wolf Mountain filed its Complaint[2] asserting a single breach of contract claim, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Wolf Mountain alleges in the Complaint that "Wolf Mountain is a citizen of Texas and California.  Mr. Kenneth Griswold became a citizen of California in the autumn of 2006."[3]  ASCU and ASC assert that Griswold is a citizen of Utah, thus depriving this Court of jurisdiction based on diversity.  Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction.

III.    Discussion

28 U.S.C. § 1332(a) sets forth that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."  "A case falls within the

---

[2]Docket No. 2.

[3]*Id*. at 2.

federal district court's original jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State."[4] "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."[5] An individual's state citizenship is equivalent to domicile, which is established by a physical presence in a state and the intent to remain there.[6] "Statutes conferring jurisdiction are to be strictly construed [and] . . . where a plaintiff's claim of diversity is challenged, plaintiff has the burden of proof."[7] A plaintiff must establish diversity by a preponderance of the evidence.[8] However, the burden is higher when a party attempts to show a change of domicile.[9] In such cases, a party must put forth clear and convincing evidence demonstrating the change.[10]

In this case, the parties do not dispute that Wolf Mountain's citizenship is determined by Mr. Griswold's citizenship. Rather, the parties dispute whether Mr. Griswold was a citizen of Utah on March 11, 2008, the date this suit was filed. Defendants argue that Griswold is domiciled in Utah, based on several cited facts and a stipulation in a previous case. Wolf Mountain argues that Mr. Griswold changed his domicile in 2006, thus rendering the cited facts

---

[4] *Smittle ex. rel. Donald E. Smittle Loving Trust v. Fidelity Brokerage Services, LLC.*, 68 Fed. Appx. 960, 962 (10th Cir. 2003) (quoting *Wisconsin Dept. of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted)).

[5] *Thomas v. Guardsmark, LLC.*, 487 F.3d 531, 534 (7th Cir. 2007).

[6] *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

[7] *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983).

[8] *Mid-Continent Pipeline Co. v. Whitely*, 116 F.2d 871, 873 (10th Cir. 1940).

[9] *Pride v. Kan. Highway Patrol*, 793 F.Supp. 279, 283 (D. Kan. 1992) (citing *Morris v. Gilmer*, 129 U.S. 315, 329-329 (1889)).

[10] *Id.*

inapplicable and assert that the stipulation in the previous case does not contain an admission of domicile. Thus, further analysis of Mr. Griswold's citizenship is appropriate.

  A. Domicile

  In support of Defendants' position that Mr. Griswold is a citizen of Utah, Defendants cite the following facts: 1) Mr. Griswold owns homes in Park City, Utah and Oakley, Utah; 2) Mr. Griswold lists the Park City residence as his permanent address on his Utah motor vehicle registration; 3) Mr. Griswold's wife has designated the Oakley residence as her permanent, full-time residence; 4) Mr. Griswold has a Utah driver's license; 5) Mr. Griswold has a vehicle registered in Utah; 6) Mr. Griswold is registered to vote in Utah; 7) Mr. Griswold pays property and income taxes in Utah; and 8) Mr. Griswold has substantial business interests in Utah, including the subject of this litigation.

  Wolf Mountain concedes that Mr. Griswold did not establish domicile in California until the autumn of 2006. Wolf Mountain also concedes that Mr. Griswold does own two homes in Utah, that his wife listed the property as her full-time residence prior to their decision to domicile in California, that he owns a vehicle registered in Utah, that he registered to vote in 2002, that he has paid taxes in Utah, and that he has business interests in Utah. However, he asserts that he also owns a home in California, where he spends approximately 80% of his time, that his family's physicians and dentists are all in California, his children are enrolled in school in California, he filed or will file state income taxes in 2006 and 2007 as a California resident, and that his 2006 state income tax return filed in Utah was filed as a non-resident. He also asserts the vehicle registered in Utah is kept in Utah for his family's use while in Utah. Mr. Griswold also asserts that he has business interests in Hawaii and California, as well as in Utah.

4

The Court finds that based on the clear and convincing evidence cited by Mr. Griswold, he was a citizen of California on the date this suit was filed. The Court is not persuaded by Defendants' reliance on outdated facts and other evidence that Wolf Mountain adequately explains in its brief.

B.  Judicial Estoppel

Defendants argue that Wolf Mountain's assertions in prior cases preclude Mr. Griswold from asserting that he is domiciled in California. Wolf Mountain contends that the assertions made in the prior cases are inapplicable here.

A plaintiff is precluded "from relitigating the same jurisdictional question after the first suit was dismissed for lack of federal jurisdiction–even though dismissal did not adjudicate the merits of the case."[11]

Defendants cite a statement made by Mr. Griswold in a prior state action, a declaration of residency made by Mr. Griswold's wife, and a stipulation entered in a prior federal action before Judge Dale Kimball. Wolf Mountain argues that the statements made in the state court case and by Mr. Griswold's wife are no longer applicable and that the stipulation in the prior federal case does not claim lack of diversity jurisdiction, but rather lack of jurisdiction because the parties reached a global settlement in state court, thus depriving the federal court of jurisdiction because no actual controversy existed after reaching settlement. The docket in the prior federal case, Case No. 2:07-CV-548-DAK, reflects that a Motion to Dismiss was filed prior to the stipulation dismissing the case. That Motion, which was not ruled upon by Judge Kimball, was based on lack of diversity between parties, and is very similar to the instant Motion to Dismiss.

---

[11] *Jones v. Hill & Ponton*, 141 F.Supp.2d 1349, 1356 (M.D. Fl. 2001).

The cited statements from the prior state court case were made on June 28, 2006. As previously stated, Mr. Griswold did not establish California as his domicile until the fall of 2006. Thus, the Court finds that the statements in the state court case are inapplicable when discussing diversity jurisdiction as of the date of filing in this case. As stated above, Mr. Griswold has met his burden in demonstrating that his domicile changed from Utah to California in the fall of 2006. As for the federal case, Judge Kimball did not rule on the issue of diversity and the stipulation did not indicate that the dismissal was based on lack of *diversity*, specifically, but rather lack of *subject matter jurisdiction*. The Court considers Judge Kimball's ruling to be an implementation of the global solution achieved in state court, rather than any finding with respect to diversity.

IV.     Conclusion

For the reasons discussed above, Defendants' Motion to Dismiss (Docket No. 6) is DENIED.

DATED   July 21, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge